IN THE UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF ARKANSAS
TEXARKANA DIVISION

TERESA JONES                                                                                    PLAINTIFF

VS.                                        CASE NO. 12-CV-4101

JOHN KELLY and TRUMAN                                                         DEFENDANTS
ARNOLD COMPANIES

ORDER

     Before the court is a Motion to Dismiss filed by Separate Defendant Truman Arnold Companies ("TAC"). (ECF No. 5). Plaintiff has responded to the motion. (ECF No. 16). The Court finds that the motion is ripe for consideration.

     Plaintiff claims that Separate Defendant TAC violated Title VII of the Civil Rights Act and the Arkansas Civil Rights Act. Plaintiff further alleges claims of battery, outrage, negligent supervision and retention, and defamation against TAC. In the present motion, Defendant moves the Court to dismiss Plaintiff's battery claim because it was not filed within the one-year statute of limitations. Plaintiff argues that she did not have a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) in time to assert federal jurisdiction with respect to the civil rights claims prior to the running of the statute of limitations on the state law battery claim. Plaintiff asserts that she filed suit on the battery claim in Miller County state court on May 2, 2012, within the one-year statute of limitations and should be allowed dismiss her state court lawsuit and pursue her state law battery claim in federal court. Plaintiff, however, cites no authority in support of this assertion.

Because this case is before the Court on the basis of diversity jurisdiction, the Court will apply the law of Arkansas when ruling on statutes of limitations. *See Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.*, 598 F.3d 970, 976 (8th Cir. 2010). Under Arkansas law, the statute of limitations for battery is one year. ARK. CODE ANN. § 16-56-104. Here, Plaintiff alleges that the battery occurred on May 24, 2011. Plaintiff, however, did not file her federal lawsuit until August 29, 2012, approximately three months after the statute of limitations had run on her battery claim.

The Eighth Circuit has not considered whether the filing of an administrative charge with the EEOC tolls the statute of limitations as to state law tort claims arising out of the same action. Other circuits, however, have held that a state statute of limitations is not tolled by the pendency of an individual's administrative complaint filed with the EEOC. *See, e.g., Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322-23 (7th Cir. 1992) (filing of EEOC charge did not toll the statute of limitations on employee's state law invasion of privacy claim); *Arnold v. U.S.*, 816 F.2d 1306, 1312-13 (9th Cir. 1987) (holding that state law tort claims are not tolled during pendency of Title VII action); *Dupree v. Hutchins Bros.*, 521 F.2d 236, 238 (5th Cir. 1975) (finding state statute of limitations for § 1981 action was not tolled during pendency of EEOC claim).

The present case is analogous to *Simmons v. Mobile Infirmary Medical Center*, 391 F. Supp. 2d 1124 (S.D. Ala. 2005), in which the plaintiff brought Title VII claims against her employer for hostile work environment and a claim for negligent supervision under Alabama law. Plaintiff also brought a state law battery claim against her supervisor. The court found that the plaintiff's battery claim was barred by the applicable statute of limitations and stated that "it is well-established that the statute of limitations for a plaintiff's state law claims is not tolled

while the plaintiff is pursuing administrative remedies with the EEOC." *See also Gardner v. St. Bonaventure Univ.*, 171 F. Supp. 2d 118, 131 (W.D.N.Y. 2001) (refusing to toll the statute of limitations for state law claims during pendency of EEOC proceeding).

Here, the Court finds that the one-year statute of limitations for Plaintiff's battery claim was not tolled while Plaintiff's EEOC charge was pending. Accordingly, Plaintiff's battery claim is time-barred and Defendant's motion to dismiss that cause of action (ECF No. 5) is **GRANTED**.

IT IS SO ORDERED, this 20th day of June, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge